IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JALONDA JOHNSON,

      PLAINTIFF,

                                             CIVIL ACTION NO: 2:07-CV-101-MEF

V.

ALABAMA STATE UNIVERSITY
and
ANWAR DIOP

      DEFENDANTS.                          JURY TRIAL DEMANDED

**COMPLAINT**

**I.    Jurisdiction**

    1.    This action for injunctive relief and damages is brought pursuant to 28 U. S.C. §§ 1331, 1343, 2201 and 2202. This is a suit authorized and instituted pursuant to Title VII of the "Civil Rights Act of 1964" as amended, the "Civil Rights Act of 1991," 42 U.S.C § 2000e *et seq.* (Title VII). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII providing for injunctive and other relief against sexual harassment, retaliation, and pendant state claims.

    2.    Plaintiff timely filed her charges of sex harassment and retaliation with the Equal Employment Opportunity Commission within 180 days of the last

discriminatory act (collectively, Exhibit A). Plaintiff further filed her sex harassment and retaliation suit within ninety (90) days after receipt of her right-to-sue letter issued by the EEOC (Exhibit B).

## II. Parties

3. Plaintiff, Jalonda Johnson, hereinafter "Plaintiff," is a citizen of the United States and a resident of Montgomery, Alabama. Defendant employed Plaintiff at its Montgomery, Alabama location.

4. Defendant, Alabama State University, hereinafter "Alabama State", is a corporation doing business in Alabama and is an entity subject to suit under Title VII. Defendant employs at least 15 individuals.

5. Defendant, Anwar Diop hereinafter "Diop", is an individual resident of Alabama and is over the age of 19 years.

## III. Statement of Facts

6. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 4 above with the same force and effect as if fully set forth herein.

7. Plaintiff commenced her employment with Defendant in January, 2005 (Fall school semester) as a work study student, working approximately twenty hours per week.

8. On January 25, 2005 Plaintiff became employed in the Inventory Control Department of Defendant located in the Physical Plant Building.

9. Plaintiff was contracted to work twenty hours per week at the rate of $8.18 per hour. The contract was to run from January 25, 2005 for thirty-six weeks until September 30, 2005.

10. Defendant Diop sexually harassed Plaintiff from the beginning of her employment by continually asking Plaintiff to date him even though Plaintiff told him she was not interested.

11. Plaintiff was assigned to the supervision of Startford Moore, Supervisor.

12. On January 31, 2005 the Director of Physical Plant, Defendant Diop, called Plaintiff to come to his apartment where Defendant Diop raped Plaintiff.

13. Plaintiff filed a complaint with the police department following the rape and submitted to a rape examination.

14. Plaintiff's mother works for Defendant Alabama State in the same building. Plaintiff's supervisor, Mr. Moore, approached Plaintiff's mother on February 2, 2005 and stated that he had received a phone call from someone asking him to stay out of this mess. Mr. Moore then asked Plaintiff's mother what she had heard about Defendant Diop raping Plaintiff.

15. On February 3, 2005 Plaintiff's mother wrote to Dr. Leon Frazier, VP of Administrative Services, who hired Defendant Diop, about the rape. Plaintiff later filed formal charges against Defendant Diop.

16. While Plaintiff's charges were being investigated, Defendant Diop was transferred to Defendant Alabama State's Southern Normal School in Brewton, Alabama.

17. While Defendant Alabama State terminated Defendant Diop at the end of its investigation, it was not for his sexual harassment of Plaintiff culminating in a rape, but instead for his violation of a policy dealing with socializing with a student. Defendant Alabama State has failed to take appropriate measures to respond to the sexual harassment of which Plaintiff complained.

## IV. Count One – Sexually Hostile Work Environment

18. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17 above with the same full force and effect as if set forth fully herein.

19. Plaintiff was subjected to a sexually hostile work environment by her supervisor, Diop, during the course of her employment in violation of Title VII.

20. Defendant Alabama State failed to take reasonable measures to prevent Plaintiff from being subjected to non-consensual, sexual touchings and sexual comments by her supervisor, Diop, thereby creating a sexually hostile environment.

21. Plaintiff has been damaged as a result of Defendants actions, suffering loss of pay and benefits and mental anguish.

## V. Count Two - Invasion of Privacy

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 above with the same full force and effect as if fully set forth herein.

23. Diop invaded Plaintiff's privacy by making rude, offensive comments to Plaintiff and repeatedly subjected her to unwelcome touchings and comments. Plaintiff complained to Diop demanding him to cease the unwanted, unwelcome, and non-consensual touchings and comments.

24. Defendant Alabama State ratified and condoned the conduct of its agent, Diop, by failing to take actions reasonably calculated to stop the conduct of Diop after complaints by Plaintiff to management officials with Defendant and the EEOC.

25. Defendant ratified and condoned the conduct of its agent, Diop, by failing to take actions reasonably calculated to stop the conduct of Diop after complaints by Plaintiff to management officials with Defendant and the EEOC.

26. Plaintiff has been damaged as a result of Defendants' actions, suffering loss of pay and benefits and mental anguish.

## VI.  Count Three – Assault and Battery

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 above with the same full force and effect as if fully set forth herein.

28. Diop committed repeated assault and battery on the person of the Plaintiff through his rude and offensive, non-consensual touchings. Defendant

authorized, ratified and/or condoned the actions of its agent, Diop, resulting in the assault and battery.

29. Diop committed assault and battery on the person of the Plaintiff through his rude and offensive non-consensual touching. Defendant Alabama State authorized, ratified and/or condoned the actions of its agent Diop, resulting in the assault and battery.

30. Plaintiff has been damaged as a result of Defendants' actions, suffering loss of pay and benefits and mental anguish.

**VII.   Count Four – Negligent Supervision**

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 above with the same full force and effect as if fully set forth herein.

32. Defendant negligently and/or wantonly supervised Diop, allowing him to commit the acts upon Plaintiff as complained of herein by its actions. Defendant Alabama State allowed Diop to sexually harass Plaintiff, as well as allow him to commit assault and battery and invasion of privacy upon her during the course of her employment. Such conduct by Diop could have been and should have been avoided by exercise of reasonable supervised responsibility of management of Defendant Alabama State.

33. Plaintiff has been damaged as a result of Defendants' actions, suffering loss of pay and benefits, and mental anguish.

## VIII. Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.  Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII.

B.  Grant Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with Defendants from continuing to violate Title VII.

C.  Enter an Order requiring Defendants to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory, and punitive damages, injunctive and declaratory relief, and benefits of employment.

Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD
Counsel for Plaintiff

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
205.252.1550 – Office
205.252.1556 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_/s/ [signature]_
OF COUNSEL

**DEFENDANTS' ADDRESS:**

**Alabama State University**
**c/o Carter Dukes, Esq.**
**Attorney for Defendant**
**Huckaby, Scott & Dukes**
**2100 3rd Avenue North**
**Suite 700**
**Birmingham, AL 35203**

**Anwar Diop**
**c/o Carter Dukes, Esq.**
**Attorney for Defendant**
**Huckaby, Scott & Dukes**
**2100 3rd Avenue North**
**Suite 700**
**Birmingham, AL 35203**

# EXHIBIT A

# TO

# PLAINTIFF'S COMPLAINT

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>130-2005-03908 |
|---|---|---|

_____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Ms. Jalonda Johnson | Home Phone No. (Incl Area Code)<br>(334) 303-1819 | Date of Birth<br>08-29-1985 |
|---|---|---|

Street Address / City, State and ZIP Code
**1190 Gibson Hills Drive Montgomery, AL 36116**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**ALABAMA STATE UNIVERSITY** | No. Employees, Members<br>15 - 100 | Phone No. (Include Area Code)<br>(334) 229-5558 |
|---|---|---|

Street Address / City, State and ZIP Code
**915 South Jackson Street, Montgomery, AL 36104**

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-31-2005    Latest: 02-02-2005
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began work on January 25, 2005, as a Data Entry Clerk and worked 20 hours per week. My contract was from January 25, 2005, to September 30, 2005. I was dismissed from my job on February 2, 2005. The reason given for my dismissal was refusal of funds for my position.

I was sexually harassed by the Director of Physical Plan, Anwar Diop, on January 31, 2005. The harassment was so severe and pervasive as to constitute an unlawful term and condition of employment. The trauma I suffered was so severe that I was forced to sit out of school for the spring semester. After reporting the incident, I was discharged and Mr. Diop is still employed.

I believe that I have been discriminated against by being discharged in retaliation for reporting the harassment, which is in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

04-29-05  /  *[Charging Party Signature]*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| FEPA | 130-2005-03908 |
| X EEOC | A M E N D E D |

_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) Jalonda Johnson | HOME TELEPHONE (Include Area Code) (334) 613-1957 |
|---|---|
| STREET ADDRESS           CITY, STATE AND ZIP CODE 1190 Gibson Hills Drive, Montgomery, AL 36116 | DATE OF BIRTH 08-29-85 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME Alabama State University | NUMBER OF EMPLOYEES, MEMBERS over 15 | TELEPHONE (Include Area Code) (334) 229-5558 |
|---|---|---|
| STREET ADDRESS       CITY, STATE AND ZIP CODE 915 South Jackson St, Montgomery, AL 36101-0271 | | COUNTY Montgomery |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS       CITY, STATE AND ZIP CODE | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE MOST RECENT or CONTINUING DISCRIMINATION TOOK PLACE (Month/Day/Year) |
|---|---|
| RACE     COLOR   **X SEX**     RELIGION NATIONAL ORIGIN    **X RETALIATION** AGE        DISABILITY    OTHER *(Specify)* | First: 01/25/05 Last: 02/02/05    RECEIVED AUG 1 1 2005 |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s):

## CHARGE OF DISCRIMINATION

SSN: 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        Sex:    Female        Race: Black

**Please see following page for particulars.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) Lucille Hawhorn Ritchie |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. Date 08-09-05   Jalonda Johnson (Signature) | SIGNATURE OF Jalonda Johnson SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 08-09-05 |

EEOC FORM 5 (Rev. 06/92)

Page 2
Amended EEOC Charge of Jalonda Johnson
Social Security Number: 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
Charge No.: 130-2005-03908

1. I began employment with Respondent during the Fall School Semester as a work study student, working approximately 20 hours per week.

2. On January 25, 2005 I became employed in the Inventory Control Department of Respondent located in the Physical Plant building..

3. I was contracted to work 20 hours per week at the rate of $8.18 per hour. The contract was to run from January 25, 2005 for thirty-six weeks until September 30, 2005.

4. Diop sexually harassed me from the beginning of my employment by continually asking me to date him even though I told him I was not interested.

5. I was assigned to the supervision of Startford Moore, Supervisor.

6. On January 31, 2005 the Director of Physical Plant, Anwar Diop, called me, as his subordinate, to come to his apartment where he raped me.

7. I filed a complaint with the police department following the rape and submitted to a rape examination.

8. My mother works with Respondent in the same building. My supervisor, Mr. Moore, approached her on February 2, 2005 and stated that he had received a phone call from someone asking him to stay out of this mess. He then asked my mother what she had heard about Diop raping me.

9. On February 2, 2005, Moore approached me and told me that my employment contract had been cancelled because the money was not available. I then was terminated in my employment.

10. On February 3, 2005 my mother on my behalf wrote to Dr. Leon Frazier, VP of Administrative Services, who hired Diop, about the rape. I later filed formal charges against Diop.

11. While my charges were being investigated, Diop was transferred to Respondent's Southern Normal School in Brewton, Alabama.

12. While Respondent terminated Diop at the end of its investigation, it was not for his sexual harassment of me culminating in a rape, but instead for his violation of a policy dealing with socializing with a student. Respondent has failed to take appropriate measures to respond to the sexual harassment of which I complained.

Amended EEOC Charge of Jalonda Johnson
Social Security Number: 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
Charge No.: 130-2005-03908

130-2005-03908

13. I believe that I have been sexually harassed in violation of Title VII of the Civil Rights Act of 1964 and that the sexual harassment culminated in the tangible job action of my employment being terminated. At all times during my employment with Respondent in the Physical Plant building during the calendar year 2005 I was subjected to a sexually hostile work environment.

Jalonda Johnson

The foregoing instrument was acknowledged before me this the 9th day of Aug, 2005, by Jalonda Johnson



Notary Public

My commission expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE.
MY COMMISSION EXPIRES: Oct 15, 2005
BONDED THRU NOTARY PUBLIC UNDERWRITERS

RECEIVED
EEOC

AUG 11 2005

# EXHIBIT B

# TO

# PLAINTIFF'S COMPLAINT



U.S. Department of Justice

Civil Rights Division

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphome.html

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WJK:WBF:mdw
DJ 170-2-114

NOV 1 3 2006

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Jalonda Johnson
c/o David R. Arendall, Esq.
Arendall & Associates
2018 Morris Avenue
Birmingham, AL 35203

Re: Jalonda Johnson v. Alabama State University,
EEOC No. 130-2005-03908

Dear Ms. Johnson:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's Birmingham District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Bernice Williams-Kimbrough, District Director, EEOC, Ridge Park Place, Suite 2000, 1130 22nd St., South, Birmingham, AL 35205.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

By: *(signature)*

William B. Fenton
Deputy Chief
Employment Litigation Section

cc: Carter H. Dukes, Esq.
   Alabama State University