IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**JALONDA JOHNSON,**

  **PLAINTIFF,**

            **CIVIL ACTION NO: 02: 07-cv-101-MEF**

**V.**

**ALABAMA STATE UNIVERSITY**
**and**
**ANWAR DIOP**

  **DEFENDANTS.**

**NOTICE OF FILING OF AMENDED AND RESTATED COMPLAINT**

COMES NOW the Plaintiff, by and through her attorneys of record, pursuant to Rule 15 of the Federal Rules of Civil Procedure and files this, her Notice of Filing of Amended and Restated Complaint.

No responsive pleading has been filed as of the date of this filing of the Amended and Restated Complaint.  Permission of the Court is not required.

            Respectfully submitted,

            /s/ David R. Arendall

            _____
            DAVID R. ARENDALL

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
205.252.1550 – Office;  205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

      I certify that on March 15, 2007, I have filed a copy of the foregoing with the Clerk of the Court using the CM/ECF filing system which will forward a copy to the attorney for the Defendant:   Carter Dukes, Esq.

      I further certify that on the above date, I served a copy of the foregoing on the Defendant by forwarding him a copy by U. S. Mail, properly addressed, and postage prepaid:

Anwar Diop
3112 Wenonah Drive
Birmingham, AL  35211

                                        /s/ David R. Arendall
                                        _____
                                        Of counsel

# EXHIBIT A

# TO PLAINTIFF'S

# NOTICE OF FILING OF

# AMENDED AND RESTATED

# COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JALONDA JOHNSON,

    PLAINTIFF,

V.                                  CIVIL ACTION NO: 02:07-cv-101-MEF

ALABAMA STATE UNIVERSITY       JURY TRIAL DEMANDED
and
ANWAR DIOP

    DEFENDANTS.

## AMENDED AND RESTATED COMPLAINT

**I.    Jurisdiction**

    1.    This action for injunctive relief and damages is brought pursuant to 28 U. S.C. §§ 1331, 1343, 2201 and 2202. This is a suit authorized and instituted pursuant to Title VII of the "Civil Rights Act of 1964" as amended, the "Civil Rights Act of 1991," 42 U.S.C § 2000e *et seq.* (Title VII). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII providing for injunctive and other relief against sexual harassment, retaliation, and pendant state claims.

    2.    Plaintiff timely filed her charges of sex harassment and retaliation with the Equal Employment Opportunity Commission within 180 days of the last

discriminatory act. Plaintiff further filed her sex harassment and retaliation suit within ninety (90) days after receipt of her right-to-sue letter issued by the EEOC (Copies of which were attached to Plaintiff's original Complaint).

## II.   Parties

3.   Plaintiff, Jalonda Johnson, hereinafter "Plaintiff," is a citizen of the United States and a resident of Montgomery, Alabama. Defendant employed Plaintiff at its Montgomery, Alabama location.

4.   Defendant, Alabama State University, hereinafter "Alabama State", is a corporation doing business in Alabama and is an entity subject to suit under Title VII. Defendant employs at least 15 individuals.

5.   Defendant, Anwar Diop hereinafter "Diop", is an individual resident of Alabama and is over the age of 19 years.

## III.   Statement of Facts

6.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 4 above with the same force and effect as if fully set forth herein.

7.   Plaintiff commenced her employment with Defendant in January, 2005 (Fall school semester) as a work study student, working approximately twenty hours per week.

8.   On January 25, 2005 Plaintiff became employed in the Inventory Control Department of Defendant located in the Physical Plant Building.

9. Plaintiff was contracted to work twenty hours per week at the rate of $8.18 per hour. The contract was to run from January 25, 2005 for thirty-six weeks until September 30, 2005.

10. Defendant Diop sexually harassed Plaintiff from the beginning of her employment by continually asking Plaintiff to date him even though Plaintiff told him she was not interested.

11. Plaintiff was assigned to the supervision of Startford Moore, Supervisor.

12. On January 31, 2005 the Director of Physical Plant, Defendant Diop, called Plaintiff to come to his apartment where Defendant Diop raped Plaintiff.

13. Plaintiff filed a complaint with the police department following the rape and submitted to a rape examination.

14. Plaintiff's mother works for Defendant Alabama State in the same building. Plaintiff's supervisor, Mr. Moore, approached Plaintiff's mother on February 2, 2005 and stated that he had received a phone call from someone asking him to stay out of this mess. Mr. Moore then asked Plaintiff's mother what she had heard about Defendant Diop raping Plaintiff.

15. On February 3, 2005 Plaintiff's mother wrote to Dr. Leon Frazier, VP of Administrative Services, who hired Defendant Diop, about the rape. Plaintiff later filed formal charges against Defendant Diop.

16. While Plaintiff's charges were being investigated, Defendant Diop was transferred to Defendant Alabama State's Southern Normal School in Brewton, Alabama.

17. While Defendant Alabama State terminated Defendant Diop at the end of its investigation, it was not for his sexual harassment of Plaintiff culminating in a rape, but instead for his violation of a policy dealing with socializing with a student. Defendant Alabama State has failed to take appropriate measures to respond to the sexual harassment of which Plaintiff complained.

## IV. Count One – Sexually Hostile Work Environment

18. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17 above with the same full force and effect as if set forth fully herein.

19. Plaintiff was subjected to a sexually hostile work environment by her supervisor, Diop, during the course of her employment in violation of Title VII.

20. By February 2, 2005, Plaintiff's supervisor, Moore, was aware of Diop's rape of Plaintiff. Further, Plaintiff's Mother notified Frazier by letter of the rape.

21. Plaintiff filed a complaint with Defendant's police department, and later filed formal criminal charges against Diop within the same timeframe.

22. Defendant was or should have been aware of Diop creating a sexually hostile work environment for Plaintiff. Diop was open and clear in his harassment

of Plaintiff during the course of her work.

23. Defendant failed to take appropriate measures to respond to the sexual harassment of which Plaintiff first complained.

24. Defendant Alabama State failed to take reasonable measures to prevent Plaintiff from being subjected to non-consensual, sexual touchings and sexual comments by her supervisor, Diop, thereby creating a sexually hostile environment.

25. Plaintiff has been damaged as a result of Defendants actions, suffering loss of pay and benefits and mental anguish.

## V.     Count Two – Retaliation

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 above with the same full force and effect as if set forth fully herein.

27. On February 2, 2005, Plaintiff's supervisor, Moore, told Plaintiff that her employment contract had been cancelled because the money was not available to pay her. This was after Moore had received word about Diop rapeing Plaintiff.

28. On February 3, 2005, Plaintiff's Mother wrote on Plaintiff's behalf of Dr. Leon Frazier about the rape. Formal criminal charges were also filed against Diop.

29. Defendant retaliated against Plaintiff because of her complaints of sexual harassment/rape by Diop by terminating her employment.

30. The reason given for the termination of Plaintiff's contract was pretextual, with the true reason being retaliation and/or rape charges against her department head in violation of Title VII.

31. As a result of Defendant's retaliation against Plaintiff, she has been damaged, suffering loss of pay and benefits and mental anguish.

## V. Count Two - Invasion of Privacy (DIOP)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 above with the same full force and effect as if fully set forth herein.

33. Defendant Diop invaded Plaintiff's privacy by making rude and offensive comments to Plaintiff, and repeatedly subjecting her to unwelcome touchings, including rapeing Plaintiff.

34. Plaintiff has been damaged as a result of the actions of Defendant Diop, suffering loss of pay and benefits and mental anguish.

## VI. Count Three – Assault and Battery

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 above with the same full force and effect as if fully set forth herein.

36. Defendant Diop committed repeated assault and battery on the person of the Plaintiff through his rude and offensive, non-consensual touchings.

## VIII. Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, Alabama State University are violative of the rights of the Plaintiff as secured by Title VII.

B. Grant Plaintiff a permanent injunction enjoining the Defendant, Alabama State University, its agents, successors, employees, attorneys and those acting in concert with Defendant from continuing to violate Title VII.

C. Enter an Order requiring Defendants to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory, and punitive damages, injunctive and declaratory relief, and benefits of employment.

Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

/s/ David R. Arendall

DAVID R. ARENDALL

/s/ Allen D. Arnold

ALLEN D. ARNOLD
Counsel for Plaintiff

7

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
205.252.1550 – Office
205.252.1556 – Facsimile

### PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

/s/ David R. Arendall
_____
OF COUNSEL

### CERTIFICATE OF SERVICE

I certify that on March 15, 2007, I have filed a copy of the foregoing with the Clerk of the Court using the CM/ECF filing system which will forward a copy to the attorney for the Defendant:   Carter Dukes, Esq.

I further certify that on the above date, I served a copy of the foregoing on the Defendant by forwarding him a copy by U. S. Mail, properly addressed, and postage prepaid:

Anwar Diop
3112 Wenonah Drive
Birmingham, AL  35211

/s/ David R. Arendall
_____
Of counsel

8