## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JALONDA JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| | ) | **2:07- CV-101-MEF** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ALABAMA STATE UNIVERSITY** | ) | |
| **AND ANWAR DIOP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ANSWER TO AMENDED AND RESTATED COMPLAINT AND
### AFFIRMATIVE DEFENSES

COMES NOW Defendant Alabama State University ("Alabama State") and, for its response to the Amended and Restated Complaint ("Complaint") of Jalonda Johnson ("Plaintiff"), states as follows:

### ANSWER

Alabama State answers the allegations in the Complaint by denying the allegations not expressly admitted. Alabama State further answers the allegations as they pertain specifically to Alabama State. To the extent the allegations pertain to other defendants named in this action, unless set forth specifically in a response to a numbered paragraph, Alabama State is without knowledge or information sufficient to form a belief as to the truth of such allegations. As to each specific allegation of

Plaintiff's Complaint, Alabama State responds as follows:

**I.    Jurisdiction**

1.    The allegations contained in Paragraph 1 of the Complaint are legal conclusions that do not call for a response by Alabama State.  To the extent that a response is required, Alabama State denies any liability to Plaintiff under Title VII of the "Civil Rights Act of 1964" as amended, the "Civil Rights Act of 1991," or 42 U.S.C. § 2000e *et seq*, and denies that Plaintiff is entitled to the relief she requests.

2.    Alabama State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

**II.    Parties**

3.    Alabama State is without knowledge or information sufficient to form a belief as to whether Plaintiff is a citizen of the United States and a resident of Montgomery, Alabama.  Except as thus stated, the allegations contained in Paragraph 3 of the Complaint are denied.

4.    Alabama State admits the allegations contained in Paragraph 4 of the Complaint.

5.    Alabama State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

### III.   Statement of Facts

6.     In answering Paragraph 6 of the Complaint, Alabama State repeats and realleges each and every answer, denial, and denial of information or knowledge as hereinbefore set forth with the same force and effect as if repeated at length herein.

7.     Alabama State denies the allegations contained in Paragraph 7 of the Complaint.

8.     Alabama State denies the allegations contained in Paragraph 8 of the Complaint.

9.     Alabama State denies the allegations contained in Paragraph 9 of the Complaint.

10.     Alabama State denies the allegations contained in Paragraph 10 of the Complaint.

11.     Alabama State denies the allegations contained in Paragraph 11 of the Complaint.

12.     Alabama State denies the allegations contained in Paragraph 12 of the Complaint.

13.     Alabama State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Alabama State admits that Plaintiff's mother works for Alabama State.

Except as thus stated, the allegations contained in Paragraph 14 of the Complaint are denied.

15.     Alabama State admits that on or about February 3, 2005 Plaintiff's mother wrote to Dr. Leon Frazier, VP of Administrative Services, who hired Defendant Diop.  Alabama State further admits that Plaintiff later filed charges against Defendant Diop.  Except as thus stated, the allegations contained in Paragraph 15 of the Complaint are denied.

16.     Alabama State admits that Defendant Diop was suspended and later transferred to another campus during the pendency of the investigation of Plaintiff's Complaint.  Except as thus stated, the allegations contained in Paragraph 16 of the Complaint are denied.

17.     Alabama State admits that Defendant Diop was terminated at the conclusion of Alabama State's investigation of Plaintiff's charges after determining that Defendant Diop engaged in an inappropriate relationship with an Alabama State student.  Except as thus stated, the allegations contained in Paragraph 17 of the Complaint are denied.

### IV.    Count One-Sexually Hostile Work Environment

18.     In answering Paragraph 18 of the Complaint, Alabama State repeats and realleges each and every answer, denial, and denial of information or knowledge as

hereinbefore set forth with the same force and effect as if repeated at length herein.

19.    Alabama State denies the allegations in Paragraph 19 of the Complaint.

20.    Alabama State admits that Plaintiff's mother complained to Dr. Frazier. Except as thus stated, Alabama State denies the allegations in Paragraph 20 of the Complaint.

21.    Alabama State is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.    Alabama State denies the allegations in Paragraph 22 of the Complaint.

23.    Alabama State denies the allegations in Paragraph 23 of the Complaint.

24.    Alabama State denies the allegations in Paragraph 24 of the Complaint.

25.    Alabama State denies the allegations in Paragraph 25 of the Complaint.

**V.    Retaliation**

26.    In answering Paragraph 26 of the Complaint, Alabama State repeats and realleges each and every answer, denial, and denial of information or knowledge as hereinbefore set forth with the same force and effect as it repeated at length herein.

27.    Alabama State denies the allegations in Paragraph 27 of the Complaint.

28.    Alabama State admits that on or about February 3, 2005 Plaintiff's mother complained about Diop and that criminal changes were later brought against Diop.

5

29.    Alabama State denies the allegations in Paragraph 29 of the Complaint.

30.    Alabama State denies the allegations in Paragraph 30 of the Complaint.

31.    Alabama State denies the allegations in Paragraph 31 of the Complaint.

**V. (sic) Count Two (sic)-Invasion of Privacy (Diop)**

32.    In answering Paragraph 32 of the Complaint, Alabama State repeats and realleges each and every answer, denial, and denial of information or knowledge as hereinbefore set forth with the same force and effect as if repeated at length herein.

33.    Alabama State denies the allegations in Paragraph 33 of the Complaint.

34.    Alabama State denies the allegations in Paragraph 34 of the Complaint.

**VI.    Count Three-Assault and Battery**

35.    In answering Paragraph 35 of the Complaint, Alabama State repeats and realleges each and every answer, denial, and denial of information or knowledge as hereinbefore set forth with the same force and effect as if repeated at length herein.

36.    Alabama State denies the allegations in Paragraph 36 of the Complaint.

**VIII. (sic)    Prayer for Relief**

Alabama State denies that Plaintiff is entitled to the relief requested and demands strict proof of the damages alleged herein.

## AFFIRMATIVE DEFENSES

Alabama State asserts the following affirmative defenses without assuming the burden of proof for such defenses that would otherwise rest with Plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

Except to the extent expressly admitted herein, the allegations of the Complaint are denied.

### SECOND AFFIRMATIVE DEFENSE

Alabama State exercised reasonable care to prevent and properly correct any harassing or inappropriate behavior, and Plaintiff failed to take advantage of any preventative or corrective opportunities provided by Alabama State or avoid harm otherwise.

### THIRD AFFIRMATIVE DEFENSE

In all employment decisions concerning Plaintiff, Alabama State engaged in good faith efforts to comply with applicable federal law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages under the allegations of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

There is no basis for holding Alabama State liable for any alleged intentional

acts of third parties.

## SIXTH AFFIRMATIVE DEFENSE

Alabama State pleads the doctrines of res judicata, estoppel, waiver, and laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that she failed to mitigate her damages, her entitlement to which is expressly denied.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages are limited by, or Alabama State's liability is precluded by, after acquired evidence of Plaintiff's wrongdoing sufficient to justify any adverse employment action with respect to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiff in this case would violate constitutional safeguards provided to Alabama State under the Constitution of the United States of America.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure to comply with conditions precedent in bringing and maintaining this action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are under Title VII are due to be dismissed to the extent that they are not like and related to claims that were the subject of a timely charge of discrimination.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Title VII are due to be dismissed to the extent that they arose more than 180 days prior to the date Plaintiff filed any charge of discrimination with the EEOC.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's exclusive remedy is through the applicable workers' compensation statute.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred by the statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because Plaintiff did not sustain any damages as a proximate result of any wrongdoing by Alabama State.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prove any unlawful conduct by Alabama State; alternatively, even if Plaintiff could prove unlawful conduct by Alabama State, which Plaintiff

9

cannot, Alabama State would have made the same decisions and taken the same actions without regard to any alleged unlawful motive.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief are barred by her "unclean hands."

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## NINETEENTH AFFIRMATIVE DEFENSE

Alabama State is not liable for punitive damages because the employee or employees who committed the allegedly unlawful acts were not employed in a managerial capacity.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is barred from the recovery of special damages because she has failed to plead such damages in a manner required by Fed. R. Civ. P. 9(g).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Alabama State is not liable for the acts of its employees or agents that are outside the line and scope of their employment or agency with Alabama State.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Alabama State is entitled to immunity, including, but not limited to, sovereign

immunity as to Plaintiff's claims against it.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages against Alabama State.

Respectfully submitted,

/s/ Carter H. Dukes
      Carter H. Dukes
      Kimberly W. Geisler
      Attorneys for Defendant
      Alabama State University

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

Kenneth L. Thomas
Latasha A. Meadows
THOMAS, MEANS, GILLIS & SEAY, P.C.
3121 Zelda Court
Post Office Box 5058
Montgomery, Alabama 36103-5058

11

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David R. Arendall
Arendall & Associates
2018 Morris Drive
Birmingham, Alabama 35203

Mr. Anwar Diop (via U.S. Mail)
3112 Wenonah Drive
Birmingham, Alabama 35211

Done this the 29th day of March, 2007.

/s/ Carter H. Dukes
Of Counsel

40170

12