IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JALONDA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. : 2:07-CV-101-MAF |
| | ) | |
| ALABAMA STATE UNIVERSITY, | ) | |
| and ANWAR DIOP, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIM OF ANWAR DIOP**

**ANSWER**

COMES NOW, Anwar Diop (hereinafter referred to as Diop and/or the Defendant Diop) and in answer to the Complaint filed against him by Jalonda Johnson (hereinafter referred to as Plaintiff), submits the following Answer:

1. The Defendant Diop admits that jurisdiction of this action before this Honorable Court is proper.

2. The Defendant Diop does not have sufficient information with which to admit or deny the allegations of paragraph 2 and therefore denies the same and demands strict proof thereof, as to the timely filing of any EEOC Complaint by Plaintiff. The Defendant Diop denies that he engaged in any improper sexual relationship with Plaintiff.

3. The Defendant Diop admits the averments of the "Parties" section of Plaintiff's Complaint, more particularly paragraphs 3-5 thereof.

1

4. The Defendant Diop incorporates his answers to paragraphs 1-5 above herein by this reference as paragraph 6 of Plaintiff's Complaint merely re-states Plaintiff's paragraphs 1 through 5, and incorporates the same.

5. The Defendant Diop admits that Plaintiff was a student, but denies that she was working 20 hours per week as an employee, and demands strict proof thereof. The Defendant denies that Plaintiff worked for him nor under his supervision nor control. Therefore, the Defendant Diop denies paragraphs 7, 8, and 9 of Plaintiff's Complaint.

6. The Defendant Diop vehemently denies the allegation of paragraph 10 of Plaintiff's Complaint.

7. The Defendant Diop denies paragraph 11 of the Complaint.

8. The Defendant Diop denies vehemently the allegation of paragraph 12 of Plaintiff's Complaint.

9. The Defendant Diop admits that Plaintiff filed false and frivolous charges against him; therefore, but denies that he committed any criminal nor wrongful act as alleged by Plaintiff in paragraph 13 of her Complaint.

10. The Defendant Diop denies the hearsay allegations of paragraph 14 of Plaintiff's Complaint.

11. The Defendant Diop also admits that Plaintiff filed frivolous formal charges against him with Defendant Diop's supervisor by Plaintiff; however, Defendant Diop denies the allegations and submits that said allegations were frivolous and false.

12. The Defendant Diop denies the allegations of paragraphs 16 and 17 of Plaintiff's Complaint.

13. The Defendant Diop incorporates his answer to paragraphs 1-17 in response to Plaintiff's incorporation of the same in Plaintiff's paragraph 18 of her Complaint.

14. To the extent that paragraphs 19-21 of Plaintiff's Complaint, are asserted against the Defendant Diop, he denies said allegations and demands strict proof thereof.

15. As to paragraph 22, the Defendant Diop incorporates his answer to paragraphs 1-21 hereinabove as if they were more fully set forth in response to Plaintiff's incorporation of the same numbered paragraph from her Complaint.

16. The Defendant Diop denies the allegations of paragraphs 23-26 of Plaintiff's Complaint and demands strict proof thereof.

17. The Defendant Diop incorporates his answer to paragraphs 1-26 hereinabove as if the same were more fully set forth in response to Plaintiff's incorporation of the same in her paragraph 27.

18. The Defendant Diop denies the allegations of paragraphs 28-30 of Plaintiff's Complaint and demands strict proof thereof.

19. The Defendant Diop incorporates his answer to paragraphs 1-30 hereinabove as if more fully set out in response to Plaintiff's incorporation of the same in paragraph 31 of her Complaint.

20. The Defendant Diop denies the allegations of paragraphs 32-33 of Plaintiff's Complaint and demands strict proof thereof.

21. The Defendant Diop denies that Plaintiff is entitled to any of the relief she has prayed for in Count VIII "Prayer for Relief" of her Complaint, more specifically paragraphs A, B and C thereof

WHERFORE THE PREMISES CONSIDERED, the Defendant Diop prays that the relief sought by Plaintiff in her Complaint be denied.

### **AFFIRMATIVE DEFENSES**

COMES NOW, the Defendant Diop and submits the following Affirmative Defenses as a bar to the relief prayed for by Plaintiff.

1. Plaintiff filed a false and frivolous criminal charges (rape and any lesser included offense which would include, but not be limited to, sexual battery and/or assault) against the Defendant Diop which charges were dismissed prior to trial. Said dismissal was not appealed by Plaintiff. Therefore, any claim for rape, assault, sexual battery or otherwise is *res judicata* and barred by collateral estoppel.

2. That Plaintiff is estopped from recovery against the Defendant Diop by reason of Plaintiff's filing false and frivolous charges against him. Therefore Plaintiff comes into this Court with unclean hands and without equity.

3. Double jeopardy bars this action or a finding of guilt (liability) in this action by reason of the dismissal of the state criminal charges and the *res judicata* affect of said dismissal.

4. Plaintiff tortiously interfered with the Defendant Diop's employment with the Defendant Alabama State University, thereby causing the Defendant his job/employment with Alabama State. Furthermore, the Plaintiff fraudulently represented (and libeled) the Defendant, in reporting and filing false charges against him. Therefore, the Plaintiff is estopped by her fraud and wrongdoing from recovery against the Defendant Diop.

5. There was no supervisory privity nor other employment relationship existing between

Plaintiff and the Defendant Diop upon which to premise an employment discrimination claim. If there were, Plaintiff breached the policy herself by going to the Defendant Diop's apartment.

## COUNTERCLAIM

COMES NOW, the Defendant Diop (hereinafter referred to as the Counter-Claimant and/or Diop) and files this, his Counterclaim against Plaintiff. In support hereof, the Counter-claimant /Diop submits the following :

1. That this Court has jurisdiction of this cause.

2. That Plaintiff acted romantically interested in Diop. Diop thereafter invited Plaintiff and her parents to dinner so that Diop could ask Plaintiff's parents' permission to date Plaintiff. Plaintiffs' parents objected to the idea at dinner.

3. That, thereafter, Plaintiff and Diop continued to communicate to each other. On or about February 2, 2005, after several phone conversations, Plaintiff went to Diop's apartment. Plaintiff and Diop engaged each other romantically with kissing and physical contact. Neither removed their pants nor jeans. Plaintiff then left. No intercourse occurred whatsoever.

4. That, thereafter, Diop discovered that Plaintiff alleged that Diop raped her. Plaintiff filed frivolous and false criminal charges against Diop alleging forcible rape.

5. Diop cooperated at all times with police in their investigation including the providing of DNA samples.

6. In filing the false claims against Diop with Alabama State University, Diop was terminated by Alabama State University for the false and frivolous charges alleged against him by Plaintiff. The Plaintiff therefore tortiously interfered with Diop's contractual relationship with Alabama State University.

7. Plaintiff pursued her false allegations of rape against Diop which criminal charges were ultimately dismissed against Diop on or about February 15, 2007 by the Honorable Johnny Hardwick, Circuit Court Judge. .

8. Plaintiff's false allegations led to the wrongful arrest of Plaintiff. Said false allegations were libelously published. Diop's prosecution was malicious and without probable cause.

## COUNT I

9. Diop incorporates paragraphs 1-8 of his Facts hereinabove as if more fully set forth.

10. Plaintiff, in filing false and frivolous allegations with Diop's employer, and in filing false and frivolous charges of rape against him criminally, libeled Diop to his damage and detriment. Diop's reputation was tarnished by the sexually improprietous statements made against him. He lost his job and was unable to find employment for a substantial period of time. More importantly, he lost a very good job with Alabama State University along with a substantial income.

11. Diop, therefore, claims such compensatory damages against Plaintiff as he may substantiate, as well as such punitive damages as a jury may award. Additionally, Diop claims his attorneys fees and costs of defending the criminal action, as well as incurred in this action.

## COUNT II

12. Diop incorporates paragraphs 1-11 hereinabove as if the same were more fully set forth.

13. Plaintiff initiated a criminal prosecution against Diop which was a product of a false allegation and was without probable cause. The criminal prosecution was terminated in Diop's favor. Said prosecution was initiated without probable cause and was engaged in intentionally,

wantonly and maliciously. Plaintiff engaged in malicious prosecution of Defendant Diop. Diop was damaged as a result, in that he lost his job and substantial income as a result. He additionally suffered injury to his employment reputation.

Diop therefore requests such compensatory damages as a jury may award, such punitive damages as a jury may award, his attorneys fees and costs.

## COUNT III

15. Diop incorporates paragraphs 1-15 hereinabove as if more fully set forth.

16. Plaintiff, in filing false allegations with Diop's employer, Alabama State University, caused his termination of employment. Plaintiff therefore tortiously interfered with the contractual relationship which Diop had with Alabama State University. Diop lost substantial income and reputation as a good employee as a result of the false and frivolous allegations asserted against him by Plaintiff. Diop was damaged as a result.

17. Diop prays that he be awarded such compensatory damages as he shall prove; such punitive damages as a jury may award; his attorneys fees and costs.

WHEREFORE THE PREMISES CONSIDERED, Diop prays that he be awarded such compensatory damages as he shall prove; such punitive damages as a jury may award; his attorneys fees and costs.

            Respectfully submitted,

            S/Donald G. Madison
            **DONALD G. MADISON (MAD 008)**
            Attorney for Anwar Diop

OF COUNSEL:
Donald G. Madison
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile (334) 265-8511
E-Mail: dgmadison@bellsouth.net

## CERTIFICATE OF SERVICE

    I hereby certify that foregoing Answer, Affirmative Defenses and Counter-Claim was electronically filed on this date and that a copy of the been served upon Plaintiff Jolanda Johnson and the Co- Defendant Alabama State University by placing a copy of the same in the United States mail, postage pre-paid, and electronically to their respective addresses as follows on this the 14th day of May, 2007:

| Plaintiff: Jolanda Johnson | Defendant: Alabama State University |
|---|---|
| David R. Arendall, Esquire | Carter Dukes, Esquire |
| Allen R. Arnold, Esquire | Huckaby, Scott, & Dukes |
| Arendall & Associates | 2100 3rd Avenue North, Suite 700 |
| 2018 Morris Avenue | Birmingham, Alabama 35203 |
| Birmingham, Alabama 35203 | |

    S. Donald G. Madison
    OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JALONDA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. : 2:07-CV-101-MAF |
| | ) | |
| ALABAMA STATE UNIVERSITY, | ) | |
| and ANWAR DIOP, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**CROSS CLAIM OF DEFENDANT ANWAR DIOP**

COMES NOW the Defendant Anwar Diop (hereinafter Defendant/Cross Claimant Diop), by and through counsel, and submits Anwar Diop's Cross Claim against Alabama State University (hereinafter referred to as ASU and/or the Defendant ASU) and, in support of this Cross Claim, the Defendant Diop would show unto this Honorable Court the following:

1.  That this Court has already acquired jurisdiction over Plaintiff Jalonda Johnson (hereinafter referred to as Plaintiff), the Defendant Diop and the Defendant ASU.

2.  That Plaintiff filed a Complaint against the Defendant ASU and the Defendant Diop on or about February 6, 2007.

3.  The Complaint alleged that Plaintiff began work on or about January 25, 2005, for the Defendant ASU.

On or about January 31, 2005, Plaintiff went to the Defendant Diop's apartment presumably interested in a romantic relationship with the Defendant Diop.

Minimal physical contact occurred between the Defendant Diop and the Plaintiff after the

1

Plaintiff had gone to the Defendant Diop's apartment. The Plaintiff went to said apartment voluntarily and of her own volition and accord.

4. Thereafter, on or about February 2, 2005, a verbal complaint was given to an employee at the Defendant ASU concerning Plaintiff's allegation that the Defendant Diop had raped her. Then, on February 3, 2005, Plaintiff's mother sent a letter to Dr. Leon Frazier, Vice President of Administrative Services, concerning the alleged rape. Written complaints were filed with the Defendant ASU on or about February 18, 2005.

5. On February 25, 2005, the Defendant Diop was suspended with pay based upon recommendation of a Dr. Olan L. Wesley contained in a memorandum sent to Dr. Joe Lee, President of the Defendant ASU, which memorandum was dated February 25, 2005.

6. Prior to the allegations, Defendant Diop had been hired as plant supervisor for the Defendant ASU of the physical plant of the Defendant ASU's facilities. The Defendant Diop was under contract with the Defendant ASU for the providing of his services. Defendant Diop was making approximately $58.000.00 per year under his contract with the Defendant ASU as plant manager of the physical facility. After the written complaint was filed against the Defendant Diop by Plaintiff the Defendant Diop was notified that he was suspended with pay by the memorandum sent by Dr. Wesley to Dr. Lee, President of Defendant ASU, dated February 25, 2005.

7. An Equal Employment Opportunity Committee meeting of ASU was conducted by the Defendant ASU on or about March 17, 2005. Apparently the ASU EEOC Committee recommended that the Defendant Diop be terminated. This is notwithstanding that the EEOC Committee did not conclusively determine whether or not the allegations asserted againsat the Defendant Diop were in fact true. On May 6, 2005, Dr. Joe Lee as President of the Defendant ASU

2

approved the termination of the Defendant Diop's contract by letter dated May 6, 2005.

The Defendant Diop filed a Notice of Appeal of his termination on May 13, 2005. In said Notice, the Defendant Diop apprised the Defendant ASU that there was no policy in effect concerning him and/or prohibiting a relationship with a student. In fact, said Notice further placed the Defendant ASU on notice that Policy 6.5 of the Employee Handbook/Rules and Regulations of the Defendant ASU dealt specifically with the filing of false and/or frivolous claims which the Defendant Diop alleged Plaintiff had done.

8. Thereafter, a Request for Reconsideration was filed by the Defendant Diop to the decision. The Appeal of the Defendant Diop's dismissal was denied by the ASU Board of Trustees by letter from the Honorable Fred B. Gray, Esquire, to the Honorable Julian McPhillips, Esquire, dated June 22, 2005. The Defendant Diop subsequently thereto filed several requests for reconsideration, all of which were denied. It is important, however, to note that the Defendant Diop requested reimbursement of his attorney fees arising out of his defense of the claims asserted against him by the Plaintiff. Said notices further set forth the reasons that the Defendant Diop disputed the decisions made by the various department of the Defendant ASU including the fact that he was absolutely not guilty of the charges asserted against him for rape and that the charges were frivously made and asserted.

## **COUNT I**

9. The Defendant Diop incorporates paragraphs 1 through 8 herein by this reference as if the same were more fully set forth.

10. The Defendant Diop claims indemnity against the Defendant ASU in that the Defendant Diop was entitled to payment and/or reimbursement for his legal fees incurred in

defending not only the frivolous rape charges which were filed against him, but also is entitled to indemnification for the legal fees incurred by the Defendant Diop in defending the claims of Plaintiff against him in this action. The rape charges against the Defendant Diop were dismissed and not appealed. This was consistent with the position maintained by the Defendant Diop the entire time with the Defendant ASU and that is that the charges against him were frivolous and false.

The Defendant Diop was entitled to indemnification of his legal fees and costs for the false and frivolous claims asserted against him under the law, and is currently entitled to indemnification of his legal fees and expenses in defending Plaintiff's claims in this action and is currently entitled to reimbursement in this ongoing action.

11.     The Defendant Diop respectfully prays that this Honorable Court shall order that the Defendant ASU shall indemnify the Defendant Diop for all of his attorney fees, litigation costs, and other expenses relating to the frivolous claims asserted against him for the defense of the criminal charges which were dismissed against him as well as his legal fees incurred in defending this action and pursuing this Cross Claim.

## **COUNT II**

12.     The Defendant Diop incorporates paragraphs 1 through 8 and paragraphs 9 through 11 of this Cross Claim herein by this reference as if the same were more fully set forth.

13.     The Defendant Diop alleges that the Defendant ASU breached its contract with him by prematurely terminating his employment contract between the Defendant Diop and the Defendant ASU whereby the Defendant Diop was to serve as plant manager of the plant facility for the Defendant ASU at a salary of approximately $58,000.00 per year.

14.     The Defendant ASU was advised that the charges asserted against the Defendant Diop

were frivously made. Notwithstanding the Defendant ASU terminated the Defendant Diop's employment. The termination was without justification; the Defendant ASU could have avoided the outcome of the criminal proceedings, but instead chose to terminate Defendant Diop's employment contract thereby breaching said contract with the Defendant Diop, which breach resulted in damage to the Defendant Diop. The Defendant suffered economic loss and loss of salary; was unable to find replacement employment for a period time; and suffered economic hardship as a result thereof.

15.     Based upon the breach of contract committed by the Defendant ASU against the Defendant Diop, the Defendant Diop claims such wages as he would have earned under the contract including back wages, attorney fees and cost.

## COUNT III

16.     The Defendant Diop incorporates paragraphs 1 through 8, paragraphs 9 through 11 of Count I and paragraphs 12 through 15 of Count II of this Cross Claim herein by this reference as if the same were more fully set forth.

17.     The Defendant Diop was terminated without any legal basis (no policy in effect addressing the conduct which did in fact occur). Additionally, the Defendant Diop was not provided a pre-termination hearing nor proper post-termination hearing which was sufficient to comport and comply with minimum due process requirements of the Fifth and Fourteenth Amendments of the United States Constitution.

More particularly, the process engaged in by the Defendant ASU in terminating the Defendant Diop was flawed for the following reasons:

a)     There was no pre-termination hearing;

b)     The post-termination hearing suffered from the Defendant Diop's inability to examine

and cross-examine witnesses and to confront those making accusations against him. Therefore, the procedurally deficient pre-termination hearing was not cured by any proper post- termination hearing;

 c) The terminating letter of May 12, 2005, was sent by the final decision maker of the Defendant ASU (i.e., Dr. Joe Lee, President of the Defendant ASU terminated the Defendant Diop by the letter dated May 12, 2005. He is also the final decision maker for the Defendant ASU);

 d) The appellate process involved biased and impartial decision makers throughout the appellate process thereby impairing the Defendant Diop's constitutional due process rights;

 18. The Defendant ASU failed to invoke constitutionally sufficient proceedings with which to follow in terminating the Defendant Diop's employment. As a result, the Defendant ASU therefore violated 42 USC 1983 as amended in Section 2000, et. Seq..

As a result, the Defendant Diop was damaged in that he lost his salary; suffered economic damage as well as claims his legal fees and cost in prosecuting this action and legal fees incurred in defending the state criminal action.

WHEREFORE, THE PREMISES CONSIDERED, based upon the above and foregoing, the Defendant Diop respectfully prays for such compensatory damages as a jury may award; such punitive damages as a jury may award Defendant Diop; including Defendant Diop's legal fees for defending the criminal action, and cost.

6

      Respectfully submitted,

      **S/Donald G. Madison**
      **DONALD G. MADISON (MAD 008)**
      Attorney for Anwar Diop
      418 Scott Street
      Montgomery, Alabama 36104
      Telephone (334) 263-4800
      Facsimile  (334) 265-8511
      E-Mail: dgmadison@bellsouth.net

## CERTIFICATE OF SERVICE

      I hereby certify that foregoing Cross Claim was electronically filed on this date and that a copy of the been served upon Plaintiff Jolanda Johnson and the Co- Defendant Alabama State University by placing a copy of the same in the United States mail, postage pre-paid, and electronically to their respective addresses as follows on this the 14th day of May, 2007:

| | |
|---|---|
| Plaintiff: Jolanda Johnson | Defendant: Alabama State University |
| David R. Arendall, Esquire | Carter Dukes, Esquire |
| Allen R. Arnold, Esquire | Huckaby, Scott, & Dukes |
| Arendall & Associates | 2100 3rd Avenue North, Suite 700 |
| 2018 Morris Avenue | Birmingham, Alabama 35203 |
| Birmingham, Alabama 35203 | |

      S/ Donald G.Madison
      OF COUNSEL

7