# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**JALONDA JOHNSON,**

    **PLAINTIFF,**

                                    **CIVIL ACTION NO: 02:07-cv-101-MEF**

**V.**

**ALABAMA STATE UNIVERSITY**
**and**
**ANWAR DIOP,**

    **DEFENDANTS.**

## PLAINTIFF'S ANSWER TO DEFENDANT DIOP'S COUNTERCLAIM

COMES NOW, the Plaintiff, by and through undersigned counsel, and respond to Defendant Diop's Counterclaim against Plaintiff in this action.

1. Admitted.

2. Denied that Plaintiff acted romantically interested in Diop. The remainder of the averment is admitted.

3. Admitted that Diop continued communications with Plaintiff. The remainder of the averment is denied.

4. Admitted that Plaintiff filed charges against Diop for forcible rape. Denied that such charges were frivolous and false. The remainder of the averment is denied.

5. Plaintiff cannot admit or deny this averment, therefore denied.

6. Denied.

7. Denied

8. Denied.

## Count I

9. Plaintiff incorporates paragraphs 1-8 of her Answer is if fully set forth herein.

10. Denied.

11. Denied.

## Count II

12. Plaintiff incorporates paragraphs 1-11 of her Answer is if fully set forth herein.

13. Denied

14. There is no Paragraph 14 in Defendant Diop's Counterclaim.

## Count III.

15. Plaintiff incorporates paragraphs 1-13 of her Answer is if fully set forth herein.

16. Denied.

17. Denied.

**Affirmative Defenses**

1. Defendant Diop fails to state a claim against Plaintiff for which relief can be granted.

2. Some or all of Defendant Diop's claims are barred by the doctrine of laches and/or the applicable statute of limitations.

3. Some or all of Defendant Diop's claims are barred by the doctrine of estoppel or waiver.

4. Defendant Diop was an employee-at-will of Defendant Alabama State University.

5. Some or all of the claims alleged in the counterclaim and/or the relief sought are foreclosed because Defendant Diop is guilty of unclean hands.

6. Some or all of the claims alleged in the counterclaim and/or the relief sought are foreclosed because Defendant Diop has not done equity.

7. Plaintiff is not guilty of liable for any alleged libel against Defendant Diop.

8. Plaintiff is not guilty of liable for any alleged malicious prosecution against Defendant Diop.

9. Plaintiff is not guilty of liable for any alleged tortious interference against Defendant Diop.

10. Defendant Diop engaged in no protected activity or, alternatively, would have been treated no differently by Defendant Alabama State University had he not engaged in protected activity alleged.

11. Plaintiff is not liable because she acted in good faith in conformity with applicable rules, regulations, and/or statutory interpretations.

12. Defendant Diop's claims are barred by the doctrine of after-acquired evidence.

13. Defendant Diop has failed to mitigate his damages.

14. Defendant fails to state a claim against the Plaintiff that would warrant the award of punitive damages.

15. Defendant Diop is not entitled to punitive damages since noe of the actions taken by the Plaintiff relative to Defendant Diop were taken maliciously, intentionally, in bad faith or with callous or reckless disregard for the rights of Defendant Diop.

16. To the extent that Defendant Diop's counterclaim could be interpreted to raise a demand for punitive damages, this demand violates the Federal and Alabama Constitution and/or common law or public policies of the United States on the following grounds:

   a. It is violation of the Due Process and Equal Protection Clauses of the 14th Amendment to impose punitive damages, which are penal in nature, against a

civil defendant (herein the Plaintiff), upon either plaintiff satisfying a burden of proof that is less than beyond a reasonable doubt standard required in criminal cases.

  b.  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of punitive damages against a defendant, which violates this Plaintiff's rights to Due Process granted by the United States Constitution.

  c.  The procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the 14th Amendment of the United States Constitution.

  d.  The procedures pursuant to which punitive damages are awarded result in the imposition of different or disparate penalties for same or similar acts, and thus, violates the Equal Protection Clause of the 14th Amendment of the United States Constitution and Plaintiff's Due Process rights.

  e.  Any claim for punitive damages cannot be sustained because an award of punitive damages under existing standards violates rights guaranteed by the 5th, 8th, and 14th Amendments to the United States Constitution.

  f. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the 8th Amendment of the United States Constitution and in violation of the Plaintiff's due process rights.

  g. Defendant Diop's claims for punitive damages against Plaintiff or any defendant cannot be sustained because any award of punitive damages would violate Plaintiff's due process rights inasmuch as juries are not guided by adequate or specific standards concerning the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

  h. The claim of punitive damages, and the provisions of law governing the right to recover punitive damages, are unconstitutionally vauge, and definite and uncertain, and deprive this defendant of due process of law.

  i. Defendant Diop's claim of punitive damages, and the provisions of law governing any right to recover punitive damages under the allegations made in the Counterclaim, caused plaintiff to be treated differently from other similarly-situated persons and/or entities by subjecting defendant to liability beyond actual loss, if any, caused by any act or omission, if any and to liability determined without clearly defined principles, standards, and limits on the amounts of such awards.

  j. Defendant Diop is not entitled to recover punitive damages under the circumstances alleged, if based on current standards of civil litigation would

violate the self incrimination clause of the 5th Amendment to the United States Constitution to impose against Plaintiff punitive damages, which are penal in nature, yet compelled Plaintiff to disclose potentially incriminating evidence.

    k.    An award of punitive damages in this case would cause a deprivation of property without due process of law.

    l.    The procedures to which punitive damages are awarded under the statutes alleged are not rationally related to legitimate government interests.

    m.    The procedures pursuant to which punitive damages are awarded subject the Plaintiff to punishment under a law not fully established before the alleged offense.

    n.    The 11th Amendment of the United States Constitution prohibits plaintiff's recovery of damages of or any other monetary relief in this action.

    17.    Some of Defendant Diop's claims are barred by contributory negligence.

    18.    Some of Defendant Diop's claims are barred by assumption of risk.

    19.    Some of Defendant Diop's claim are barred by last clear chance.

    20.    Plaintiff denies each of the Counterclaim's allegations not expressly and completely admitted herein.

    21.    Defendant's Diop's counterclaim does not entitle him to any award of costs and attorney's fees.

22. Plaintiff asserts the defense of truth.

23. Plaintiff asserts the defense of absolute, conditional and/or qualified privilege.

24. Plaintiff asserts the defense of justification in regard to any action that lead to Defendant Diop's termination with Defendant Alabama State University.

25. Plaintiff did not interfere with Defendant Diop's interest for which he was entitled to receive.

26. Defendant Diop's contractual interests are outweighed by the social interests in protecting Plaintiff's freedom of action, and the freedom of action by others who are similarly situated to Plaintiff.

27. Defendant Diop had no contractual interest with Defendant Alabama State University.

28. Plaintiff reserves the right to assert any affirmative defense not asserted herein.

Respectfully submitted,

/s/ David R. Arendall

_____
DAVID R. ARENDALL

/s/ Allen D. Arnold

_____
ALLEN D. ARNOLD
Counsel for Plaintiff

<u>OF COUNSEL</u>:

ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
205.252.1550 – Office
205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

      I certify that on June 4, 2007, I have filed a copy of the foregoing with the Clerk of the Court using the CM/ECF filing system which will forward a copy to the attorneys for the Defendants:

Donald G. Madison
Kenneth L. Thomas
LaTasha A. Meadows

                                          /s/ Allen D. Arnold
                                          _____
                                          Counsel for Plaintiff