IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORHTERN DIVISION

| | |
|---|---|
| JALONDA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 02:07-cv-101-MEF |
| | ) |
| ALABAMA STATE UNIVERSITY | ) |
| and | ) |
| ANWAR DIOP, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ALABAMA STATE UNIVERSITY'S ANSWER TO DEFENDANT DIOP'S CROSS-CLAIM AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Alabama State University (hereinafter "ASU") and for its response to the Cross-Claim of Defendant Anwar Diop (hereinafter "Diop"), states as follows:

**ANSWER**

ASU answers the allegations in the Cross-Claim by denying each and every allegation not expressly admitted herein. ASU further answers said allegations solely as they pertain specifically to ASU. To the extent said allegations pertain to other actors, including, without limitation, Plaintiff Jalonda Johnson (hereinafter "Plaintiff"), unless specifically set forth in a response to a numbered paragraph, ASU is without knowledge or information sufficient to form a belief as to the truth of such allegations. As to each specific allegation in Diop's Cross-Claim, ASU responds as follows:

1.    Defendant ASU admits that this Court has obtained jurisdiction over the claims in Plaintiff's Complaint, however, Defendant denies that this Court's exercise of

1

jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 as amended, the Civil Rights Act of 1991, 42 U.S.C. §2000e et seq. is sufficient to invoke this Court's jurisdiction over the claims in the Cross-Claim.

2.  ASU admits that Plaintiff's Complaint against ASU and Diop was filed on or about February 6, 2007.

3.  ASU admits that Plaintiff's Complaint alleges that Plaintiff began working for Defendant ASU on or about, January 25, 2005. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies same.

4.  ASU admits that on or about February 3, 2005, Plaintiff's mother sent a letter to Dr. Leon Frazier, Vice-President of Administrative Services concerning the alleged rape. ASU further admits that written complaints were filed with the University subsequent to the February 3, 2005 letter. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies same.

5.  Defendant ASU admits the allegations in Paragraph 5 of the Cross-Claim.

6.  Defendant ASU admits the allegations in Paragraph 6 of the Cross-Claim.

7.  Defendant ASU admits that an ASU EEO hearing was conducted on or about March 17, 2005 and the Committee subsequently recommended Diop's termination. Defendant ASU admits that its President, Dr. Joe Lee, accepted the Committee's recommendation and approved the Diop's termination by letter dated May 6, 2005. Defendant ASU further admits that Diop filed a Notice of Appeal of his termination on or about May 13, 2005. Defendant further admits that Diop contended in

his letter of appeal that his relationship with a student was not prohibited by any policy and that Diop cited to ASU's policy regarding false and/or frivolous claims of sexual harassment. Defendant further admits that Diop asserted that Plaintiff's claims were false and/or frivolous. Except as set forth above, the allegations contained in Paragraph 7 are denied.

8. Defendant ASU admits that Diop filed a Request for Reconsideration. ASU admits that the Board of Trustees denied the appeal, but specifically denies that said action was taken by virtue of the letter from Fred D. Gray, Esq to Julian McPhillips, Esq., dated June 22, 2005. ASU admits that Diop sent requests for reconsideration of his termination setting forth various reasons in support thereof and that said requests were denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies same.

## COUNT I

9. In responding to Paragraph 9 of the Cross-Claim, Defendant ASU incorporates its responses to paragraphs 1 through 8 herein by reference as if more fully set forth herein.

10. Upon information and belief, Defendant ASU admits that the rape charges against Diop were dismissed. Except as set forth above, the allegations contained in Paragraph 10 are denied.

11. Defendant ASU denies that Diop is entitled to the relief requested and demands strict proof of the damages alleged herein.

**COUNT II**

12. In responding to Paragraph 12 of the Cross-Claim, Defendant ASU incorporates its responses to paragraphs 1 through 11 herein by reference as if more fully set forth herein.

13. Defendant ASU denies the allegations in Paragraph 13 of the Cross-Claim.

14. Defendant ASU denies the allegations in Paragraph 14 of the Cross-Claim. Defendant ASU further denies that Diop is entitled to the relief requested and demands strict proof of the damages alleged herein

15. Defendant ASU denies the allegations in Paragraph 15 of the Cross-Claim. Defendant ASU denies that Diop is entitled to the relief requested and demands strict proof of the damages alleged herein.

16. In responding to Paragraph 16 of the Cross-Claim, Defendant ASU incorporates its responses to paragraphs 1 through 15 herein by reference as if more fully set forth herein.

17. Defendant ASU admits that the appellate process involved impartial decision makers throughout the appellate process. Except as set forth above, the allegations contained in Paragraph 15 are denied.

18. Defendant ASU denies the allegations in Paragraph 18 of the Cross-Claim. Defendant ASU further denies that Diop is entitled to the relief requested and demands strict proof of the damages alleged herein

**PRAYER FOR RELIEF (untitled in cross-claim)**

Defendant ASU denies that Diop is entitled to the relief requested and demands strict proof of the damages alleged herein.

## AFFIRMATIVE DEFENSES

Alabama State University asserts the following affirmative defenses to Diop's Counter-Claims without assuming the burden of proof for such defenses that would otherwise rest with Plaintiff:

1. Diop has failed to state a claim upon which relief can be granted.

2. ASU is immune from suit under Article I, § 14, Alabama Constitution (1901). ASU is an educational institution operating under the supervision of a state agency and is an instrumentality of the State of Alabama. Therefore, ASU is entitled to sovereign immunity against all of Diop's claims.

3. ASU is immune from suit under U.S. Const. amend. XI as an agency of the State of Alabama.

4. Diop's claims are barred by the applicable statute of limitations.

5. Defendant ASU pleads the general issue and states that it is not guilty of any of the claims made by Diop and is not guilty of any conduct proximately resulting in any injury or damage to Diop.

6. Diop's claims for indemnity are barred by his own misconduct.

7. Diop has failed to state a claim upon which compensatory damages may be awarded.

8. No action of ASU was the proximate cause of any violation of the Diop's protected rights.

9. There is no basis for holding ASU liable for any intentional acts of third parties.

10. Diop has failed to establish a prima facie case on all of the claims asserted in this lawsuit.

11. At all times relevant to this action, ASU was acting upon its reasonable understanding and belief of the requirements of the governing federal law and state law.

12. Diop's claims are barred, in whole or in part, by Diop's failure to mitigate any damages allegedly sustained, his entitlement to which is expressly denied.

13. Diop has failed to state factual allegations to support the claim of breach of contract.

14. After a full and fair hearing, at which Diop had an opportunity to be heard, ASU determined that it had "just cause" to terminate Diop's contract pursuant to its Disciplinary Guidelines in Section 6.1 of the Non-Academic Staff Handbook.

15. Diop, as Director of Physical Plant, was an Executive Status Employee and, as such, was subject to termination at-will.

16. ASU afforded Diop more due process than it was legally obligated to provide.

17. Diop's claims are barred by the Doctrine of Unclean Hands.

18. Diop's claims are barred by the Doctrine of Unconscionability.

19. Diop has failed to state factual allegations to support any claim brought pursuant to 42 U.S.C. Section 1983

20. Defendant denies that Diop is entitled to any judgment against it, or for any relief whatsoever.

21. To the extent the claims asserted in this action are wholly without foundation or facts and are frivolous, ASU asserts that it is entitled to relief under this

Court's inherent powers and any other rule, statute or case law that provides for an award of attorney's fees.

22.     ASU demands attorney's fees and costs.

23.     ASU reserves the right to amend these defenses as discovery proceeds in this matter.

                              Respectfully Submitted,

                              /s/ LaTasha A. Meadows
                              **KENNETH L. THOMAS (THO 043)**
                              **LaTASHA A. MEADOWS (MEA020)**

**OF COUNSEL:**
**THOMAS, MEANS, GILLIS & SEAY**
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103-5058
(334) 270-1033 (phone)
(334) 260-9396 (fax)

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served upon the following via First Class United States mail, postage prepaid and properly addressed this the 14th day of February, 2008.

David Arendall, Esq.
Allen D. Arnold, Esq.
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203

Donald Gordon Madison, Esq.
Law Offices of Donald Gordon Madison
418 Scott Street
Montgomery, AL 36104

                                                _/s/ LaTasha A. Meadows_____
                                                **OF COUNSEL**