IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORHTERN DIVISION

| | |
|---|---|
| JALONDA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 02:07-cv-101-MEF |
| ) | |
| ALABAMA STATE UNIVERSITY ) | |
| and ) | |
| ANWAR DIOP, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT, ALABAMA STATE UNIVERSITY'S MOTION FOR SUMMARY JUDGMENT ON CROSS-CLAIM COMPLAINT**

COMES NOW Alabama State University (hereinafter "Defendant" or "ASU"), Cross-Claim Defendant in the above-captioned matter, by and through its undersigned counsel of record and files its Motion for Summary Judgment against each and every claim asserted in Cross-Claimant Anwar Diop's (hereinafter "Diop")Cross-Claim Complaint. As grounds therefore, Defendant states as follows:

1. Defendant is absolutely immune from suit pursuant to the Eleventh Amendment to the United States Constitution.

2. Defendant is absolutely immune from suit pursuant to Article I, §14, Alabama Constitution (1901).

3. Defendant is not a "person" subject to suit pursuant to §1983.

4. Diop is not entitled to indemnification for attorneys' fees, costs, and expenses incurred in defense of criminal charges.

5. Diop is not entitled to indemnification for attorneys' fees, costs, and expenses incurred in defending civil claims based on intentional tortuous misconduct outside the line and scope of his duties for Defendant.

6. Defendant was not required to provide procedural or substantive due process in its termination of Diop because he was an executive status employee with no property interest in his position.

7. Diop's claims for monetary damages are absolutely barred by the Eleventh Amendment to the United States Constitution and Article 1, §14 of the Alabama Constitution of 1901.

For the reasons set forth above, and as further set forth in its contemporaneously filed Memorandum of Law in Support of It's Motion for Summary Judgment on Diop's Cross-Claim Complaint, Defendant respectfully requests that this Court grant judgment in its favor as to each and every Count of the Cross-Claim Complaint. Defendant further requests that in light of the nature of Cross-Claim Plaintiff's Claims, this Court enter an award of attorneys' fees and costs in its favor in the event that Defendant is the prevailing party on the §1983claims in this case pursuant to 42 USC §1988.

Respectfully Submitted,

 /s/ LaTasha A. Meadows
**KENNETH L. THOMAS (THO 043)**
**LaTASHA A. MEADOWS (MEA020)**

**OF COUNSEL:**
**THOMAS, MEANS, GILLIS & SEAY**
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103-5058
(334) 270-1033 (phone)
(334) 260-9396 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served upon the following via this Court's electronic filing system this the 30th day of May, 2008.

David Arendall, Esq.
Allen D. Arnold, Esq.
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203

Donald Gordon Madison, Esq.
Law Offices of Donald Gordon Madison
418 Scott Street
Montgomery, AL 36104

                                           _/s/ LaTasha A. Meadows_____
                                           **OF COUNSEL**